LARA R. SHAPIRO (State Bar No. 227194)
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351
Shapiro.lara@gmail.com

Attorney for Plaintiffs,
Kelly Jackson and Marlon Jackson

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

Kelly Jackson and Marlon Jackson,

Plaintiffs,

vs.

Diversified Collection Services, Inc.; and DOES 1-10, inclusive,

Defendants.

Case No.: CV 11 3676

**COMPLAINT FOR DAMAGES**
**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**

**JURY TRIAL DEMANDED**

For this Complaint, the Plaintiffs, Kelly Jackson and Marlon Jackson, by undersigned counsel, state as follows:

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Kelly Jackson, an individual consumer, against Defendant, Diversified Collection Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

COMPLAINT FOR DAMAGES

1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## PARTIES

3. Plaintiffs, Kelly Jackson, and Marlon Jackson are natural persons with a permanent residence in Gilbert Maricopa County, Arizona 85243.

4. Upon information and belief the Defendant, Defendant, Diversified Collection Services, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Around August 1, 2011, Defendant by way of their agent who identified himself as 'Jack Booth', in connection with the collection of the alleged debt, did attempt to communicate with Plaintiffs.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiffs by placing repeated phone calls with the intention of harassing Plaintiffs into paying the alleged debt.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, after being informed that the Plaintiff's husband cannot receive personal calls at work, did attempt to communicate with Plaintiff's husband by pacing a call to the Plaintiff's husband's employer.

10. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, threatened to garnish Plaintiff's wages

11. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

12. Defendant is a debt collection company and as a debt collection company attempting to collection a federal loan, Defendant can only refer the matter back to the creditor with a recommendation that they send notice of garnishment.

13. The representations made to Plaintiff by Defendant regarding garnishment were false.

14. In early September, Plaintiff received her first written communication from Defendant, which was dated August 31, 2011.

15. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

16. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

17. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

## PRAYER FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

19. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at Plaintiff's place of employment when Defendant knew or had reason to know that Plaintiff's employer prohibits Plaintiff from receiving such communication; and

    (b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (c) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

    (d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

    (e) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (f) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(g) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(h) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(i) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(j) Defendant violated *§1692g(a)(1)* of the FDCPA by failing to send written communication that is received by Plaintiff within five days of the initial communication, with said communication includes the amount of the alleged debt that Defendant is attempting to collect; and

(k) Defendant violated *§1692g(a)(2)* of the FDCPA by failing to send written communication that is received by Plaintiff within five days of the initial communication, and said communication includes the name of the creditor to whom the alleged debt is owed that Defendant is attempting to collect; and

(l) Defendant violated *§1692g(a)(3)* of the FDCPA by failing to send written communication that is received by Plaintiff within five days of the initial communication, and said communication includes a statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant; and

(m) Defendant violated *§1692g(a)(4)* of the FDCPA by failing to send written communication that is received by Plaintiff within five days of the initial communication, and said communication includes a statement that if Plaintiff notifies Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant will obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such

verification or judgment will be mailed to Plaintiff by Defendant; and

(n) Defendant violated *§1692g(a)(5)* of the FDCPA by failing to send written communication that is received by Plaintiff within five days of the initial communication, and said communication includes a statement that, upon Plaintiff's written request within the thirty-day period, Defendant will provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Kelly Jackson, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Diversified Collection Services, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, KELLY JACKSON AND MARLON JACKSON, demands trial by jury in this action.

DATED: July 26, 2011                    LARA SHAPIRO

By: *Lara Shapiro / ms*
Lara R. Shapiro

Attorney for Plaintiffs
Kelly and Marlon Jackson